UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ANDREW LEE-LEO HILL,

    Plaintiff,      Case No. 1:10-cv-470

v.               Honorable Janet T. Neff

KENNETH McKEE et al.,

    Defendants.
               /

**OPINION**

  This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections, Novak and Conrad. The Court will serve the amended complaint against Defendants Alvarez, Chick and Holmes.

**Discussion**

I.  Factual allegations

Plaintiff Andrew Lee-Leo Hill presently is incarcerated at the Chippewa Correctional Facility, though the actions he complains of occurred while he was at the Bellamy Creek Correctional Facility (IBC). In his amended complaint, he sues the Michigan Department of Corrections. He also sues the following IBC employees: Corrections Officer (unknown) Alvarez; Hearing Investigator B. Novak; Nurse (unknown) Chick; Doctor (unknown) Holmes; and Rehabilitation Learning Site Coordinator Deb Conrad.

Plaintiff alleges that, after filing several grievances against officers in Unit #2, including Defendant Alvarez, he was subjected to retaliation by Alvarez. On April 28, 2010, Alvarez allegedly falsely charged Plaintiff with Disobeying a Direct Order while in the dining hall. Plaintiff requested a hearing, and he asked Hearing Investigator Defendant Novak for the following items: a polygraph examination; a copy of the 15:50 formal court logbook for when Defendant Alvarez's order was clear; a copy of the logbook for when Upper R-Wing was released for chow; and the ACA standard for the amount of time prisoners were allowed for eating. Defendant Novak denied Plaintiff's requests as irrelevant to the ticket, and Plaintiff was convicted of the misconduct charge.

On May 6, 2010, while attending religious services, Plaintiff experienced severe chest pain and, after standing up, he fell to the floor. Alvarez transported Plaintiff by wheelchair to Health Care. When he arrived, Defendant Chick told Alvarez that Plaintiff could "walk from there," and Plaintiff was forced to cross the room while experiencing significant pain. (Am. Compl., docket #12 at 3.) Plaintiff allegedly was not treated or examined. Instead, he was handcuffed and taken to

segregation. Defendant Alvarez wrote another misconduct ticket against Plaintiff for "refus[ing] to lock in." (Am. Compl., docket #12 at 3.) Plaintiff requested a variety of evidence from Hearing Investigator Novak, including a polygraph examination, a statement from the volunteers leading the religious service, and the logbook showing whether Defendant Chick performed any examination. Novak again rejected Plaintiff's requests as irrelevant, and Plaintiff was again found guilty of the misconduct charge.

Plaintiff alleges that, while he was in segregation, he sent numerous Health Care Request forms, from which he received no reply. On May 12, 2010, Plaintiff was seen by Defendant Dr. Holmes. Defendant Holmes told Plaintiff that he had scheduled him for x-rays and would order him anti-inflammatory medication. Before his June 2010 transfer to Kinross Correctional Facility, however, Plaintiff had not yet received either the x-rays or the medication.

Plaintiff next alleges that he was transferred to IBC for the sole purpose of permitting his participation in the federally funded Rehabilitation Learning Site program. He arrived at IBC on June 1, 2009, but was discharged from the rehabilitation program on May 5, 2010 without a hearing, ostensibly in violation of his right to due process. He further alleges that his transfer to IBC was improper and exposed him to abuse.

Plaintiff contends that Alvarez's misconduct charges were retaliatory. He further asserts that he was deprived of due process by Novak's inadequate investigation. In addition, he alleges that Defendants Chick and Holmes were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Finally, he alleges that Defendant Conrad violated his due process rights by terminating his participation from the rehabilitation program.

For relief, Plaintiff seeks injunctive relief in the form of a transfer to a different prison facility, medical treatment, and the removal of his misconduct convictions from his record. He also seeks compensatory and punitive damages.

II.  Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, No. 08-1541, 2010 WL 841198, at *7 (6th Cir. Mar. 12, 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Due process

Plaintiff raises due process claims against both Defendants Novak and Conrad. First, he claims that Defendant Novak deprived him of due process by inadequately investigating the two misconduct charges filed by Alvarez. Second, he claims that Conrad violated his right to due process when she terminated his participation in the rehabilitation program without a hearing and without an adequate basis.

Plaintiff's claim against Defendant Novak is without merit. The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69.

Plaintiff does not contend that he was deprived of notice, the opportunity to present evidence, or a written statement of evidence relied upon at his disciplinary hearings. Instead, he claims that Novak should have developed and presented additional evidence. The right to call witnesses or present evidence, however, is not absolute. *Id.* at 566. The United States Supreme Court explained:

> [W]e must balance the inmate's interest[s] against the needs of the prison, and some amount of flexibility and accommodation is required. Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence. Although we do not prescribe it, it would be useful for the Committee to state its reasons for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases.

*Id.* Plaintiff requested that a polygraph examination be conducted, and he asked for the logbook entries that would have showed how much time he had been given for his meal. The hearing investigator determined that such evidence was irrelevant to whether he disobeyed a direct order while in the dining hall, and, subsequently, that it was irrelevant to whether he disobeyed a direct order while in Heath Care. Such a limitation unquestionably was reasonable. No case law supports Plaintiff's contention that a prisoner charged with a misconduct violation is entitled to a polygraph test, and the remaining evidence clearly was irrelevant to whether Plaintiff disobeyed a direct order or refused to lock in his cell. Moreover, there is no due process requirement that a hearings investigator conduct his investigation in a certain way. *See Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (2003). Further, since Novak was responsible only for investigating – not deciding – the misconduct charges, his actions did not deprive Plaintiff of any liberty interest.

Plaintiff's due process claim against Defendant Conrad also is meritless. "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Contrary to his assertions, Plaintiff does not have a federally cognizable liberty interest in participating in the rehabilitative program at IBC. Federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment.

*See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Because Plaintiff has no liberty interest in the rehabilitative program, he was not entitled to a hearing before Conrad terminated his participation in the program. He therefore fails to state a due process claim against Defendant Conrad.

### B. Remaining Claims

Upon review, the Court concludes that Plaintiff's remaining claims warrant service at this time.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections, Novak and Conrad will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Alvarez, Chick, and Holmes.

An Order consistent with this Opinion will be entered.


Dated: July 9, 2010	/s/ Janet T .Neff
	Janet T. Neff
	United States District Judge