UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDREW LEE-LEO HILL,

       Plaintiff,                              Hon. Janet T. Neff

v.                                                 Case No. 1:10-CV-470

KENNETH McKEE, et al.,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's <u>Motion Claim for Relief of Imminent Danger</u>. (Dkt. #5). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

In his amended complaint, Plaintiff alleges various due process, retaliation, and denial of medical treatment claims. (Dkt. #12). Plaintiff's due process claims were subsequently dismissed. (Dkt. #14). Plaintiff brings the present motion seeking a temporary restraining order. Specifically, Plaintiff requests that the Court order that he be transferred to another prison so that he can participate in the "Rehab (MPRI) program." Plaintiff further requests, however, that any such transfer place him "within travel distan[ce] of family members for the purpose of reunification." Plaintiff also requests that the Court order that he undergo "a digital rectal examination, blood and coagulation studies."[1]

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566,

---

[1] Plaintiff also requests two hundred sixty thousand dollars ($260,000.00) in damages. The undersigned recommends that this claim be rejected on the grounds that Plaintiff is not entitled to recover monetary damages on a motion for injunctive relief and, furthermore, because Plaintiff's motion is without merit as discussed herein.

573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

As the Honorable Janet T. Neff previously noted, Plaintiff enjoys no constitutional right to participate in a prison rehabilitation program. (Dkt. #14). Plaintiff likewise enjoys no right to be incarcerated in any particular correctional facility. *See, e.g., Hix v. Tennessee Department of Corrections*, 196 Fed. Appx. 350, 358 (6th Cir., Aug. 22, 2006) ("a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility"). Finally, Plaintiff has failed to demonstrate that he is experiencing any medical impairment or circumstance that requires judicial intervention.

In sum, Plaintiff has failed to demonstrate that he has (or will) suffer any injury for which he has no legal remedy. He has failed to establish that he is likely to prevail on any of the claims asserted. Plaintiff has not established that he will (or is likely to) suffer irreparable injury in the absence of the requested relief. Finally, the Court finds that the public interest would not be served by unnecessary and unwarranted judicial interference in the day-to-day operations of the Michigan Department of Corrections.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Plaintiff's Motion Claim for Relief of Imminent Danger, (dkt. #43), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: August 27, 2010      /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge