UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LEE-LEO HILL, #197103,

    Plaintiff,                                      Case No. 1:10-cv-470

v                                                    HON. JANET T. NEFF

KENNETH McKEE et al.,

    Defendants.
_____/

**OPINION AND ORDER**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On April 30, 2010, Plaintiff filed a "Motion Claim for Relief of Imminent Danger!" (Dkt 5). Subsequently, on May 26, 2010, Plaintiff filed another motion requesting preliminary injunctive relief (Dkt 11). On July 9, 2010, an order was issued denying both of Plaintiff's motions for preliminary relief (Dkt 16). However, due to a clerical error, only the latter motion (Dkt 11) was cleared from the docket. As a result, the Magistrate Judge subsequently issued a Report and Recommendation (R & R) related to the first motion (Dkt 5) on August 27, 2010, recommending that this Court deny Plaintiff's motion (Dkt 23). Plaintiff filed objections to the Report and Recommendation on September 10, 2010 (Dkt 24). Although the Court has previously ruled on Plaintiff's motion, the Court will address Plaintiff's objections in light of the circumstances. The Court has, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), performed de novo consideration of those portions of the Report and

1

Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order reaffirming the previous denial of Plaintiff's motion (Dkt 16).

Plaintiff argues that the Magistrate Judge erred in finding that the Plaintiff has not established a likelihood that he will suffer irreparable injury in the absence of the requested relief. (Pl. Obj., Dkt 24 at 1-2; R & R, Dkt 23 at 2-3). Plaintiff contends that his right to health care is a constitutional right and the deprivation of that right constitutes irreparable harm. (Pl. Obj. at 1).

Plaintiff's argument is without merit. The Magistrate Judge properly found that Plaintiff failed to show that he was experiencing a medical problem that required immediate intervention by the Court. (R & R at 2). As this Court noted in its previous denial of injunctive relief, Plaintiff received a medical examination and further examination and/or treatment was ordered (Dkt 16 at 2). Plaintiff has demonstrated no circumstances that warranted the extraordinary remedy of immediate injunctive relief. When seeking injunctive relief, a plaintiff "must demonstrate that there is a real danger that the act complained of actually will take place" and that there is "more than a mere possibility or fear that the injury will occur …." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118-19 (6th Cir. 2001) (citation omitted).

Plaintiff also argues that the Magistrate Judge erred in finding that Plaintiff has no constitutional right to participate in a prison rehabilitation program or to be incarcerated in any particular correctional facility. (Pl. Obj. at 2-3; R & R at 2). This argument likewise fails. Turning first to the rehabilitation program, the case cited by Plaintiff, *Pugh v. Lock*, 406 F. Supp. 318 (1976), specifically acknowledges that "courts have thus far declined to elevate a *positive rehabilitation program* to the level of a constitutional right." *Id.* at 330 (emphasis added). Here, Plaintiff seeks an order requiring the state to allow him to participate in a prison rehabilitation program, the same

2

type of positive rehabilitation program that the *Pugh* court acknowledged was not constitutionally required. With regard to the right to be housed in a particular facility, Plaintiff cites the procedural history of two cases, *Sandin v. Conner*, 515 U.S. 472 (1995), and *Meachum v. Fano*, 427 U.S. 215 (1976). However, in both cases, the Supreme Court overruled lower court findings that liberty interests were violated. *See Sandin*, 515 U.S. at 487; *Meachum*, 427 U.S. at 223-24. Further, the state policy directive cited by Plaintiff requires only that the Parole and Commutation Board be notified that a prisoner is being terminated from the program. This requirement does not create a due process liberty interest. Regardless, the Magistrate Judge properly found no basis for immediate judicial intervention.

Accordingly, this Court reaffirms its earlier order denying injunctive relief, which is in accord the Magistrate Judge's Report and Recommendation. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 24) are DENIED and the Report and Recommendation (Dkt 23) is APPROVED and ADOPTED as the Opinion of the Court..

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Order would not be taken in good faith.


Dated: January 7, 2011                     /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge