UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LEE-LEO HILL,

        Plaintiff,                        Hon. Janet T. Neff

v.                                            Case No. 1:10-CV-470

KENNETH McKEE, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on April 12, 2010, against the Michigan Department of Corrections (MDOC) and the following individuals: (1) Kenneth McKee; (2) Darrick Alvarez; (3) B. Novak; (4) Connie Chick; (5) Unknown Holmes; and (6) Deb Conrad. All of Plaintiff's claims have been dismissed except for his claims against Unknown Holmes, on whom service has yet to be effected. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims against Unknown Holmes be dismissed for failure to timely effect service and this matter terminated.

Plaintiff initiated this action on April 12, 2010, against several individuals and entities. Plaintiff's claims have since all been dismissed except for claims against Defendant Unknown Holmes. On July 12, 2010, a summons was issued for Defendant Holmes. This summons was returned to the Court unexecuted on August 6, 2010. On February 8, 2011, Plaintiff requested that service again be attempted on Defendant Holmes. The Court granted Plaintiff's motion and extended the deadline by which service must be effected on Defendant Holmes to April 29, 2011. On March 15, 2011, a summons was again issued for Defendant Holmes. This summons was returned to the Court unexecuted on June 23, 2011. In the more than four months since, Plaintiff has neither requested an extension of

time to effect service on Defendant Holmes nor has he requested the Court's assistance in effecting service on this defendant.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's claims against Defendant Holmes be dismissed without prejudice for failure to timely effect service and this matter terminated.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims against Defendant Holmes be dismissed without prejudice for failure to timely effect service and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 29, 2011                 /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge